[No. 9294.    Department Two. — February 25, 1886.]

## ELLEN McGURREN, Appellant, v. THOMAS GARRITY et al., Respondents.

Mortgage — Mortgagee has No Estate in Mortgaged Premises. — A mortgage is a mere security, and under it no estate in the mortgaged land passes to the mortgagee either before or after condition broken.

Id. — Attachment. — A mortgagee has no attachable interest in the mortgaged premises.

Id. — Debts Secured by Mortgage how Attached — Garnishment — Supplementary Proceedings. — Debts secured by mortgage, like other debts, may be attached by garnishment, but in no other way, and their payment may be enforced under the provisions of the Code of Civil Procedure relating to proceedings supplementary to execution.

Appeal from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion.

*J. B. Hart, George E. Filkins, Milton E. Babb,* and *Horace Hawes,* for Appellant.

*Edward F. Fitzpatrick,* for Respondents.

Belcher, C. C.—It is alleged in the complaint that the plaintiff, Ellen McGurren, had a judgment for $2,261.50 against the defendant, Thomas Garrity, and that Garrity had a note for five hundred dollars and interest, made by defendants Myles and Mary Swift, and secured by a mortgage on their real property; that an execution was issued on the judgment, and placed in the hands of the sheriff, who "duly and legally levied it upon the right, title, and interest of the said Thomas Garrity in said mortgaged premises, designating his interest therein as a mortgage, and duly and legally served the execution upon the said Myles Swift and Mary, his wife"; that the note was at that time due, and was in the possession of and owned by the defendant Garrity; that the defendants Swift subsequently admitted that they had made the note and mortgage, and were indebted to Garrity thereon, and "then and there agreed with the plaintiff to pay their said indebtedness upon said note and mortgage to the sheriff of said San Mateo County, for account of plaintiff, to be credited upon her execution against said Thomas Garrity."

The prayer is for a "decree that the amount due and owing by the defendants Myles Swift and wife, upon said note and mortgage, with interest, is due and owing to the plaintiff, and that she is entitled as of right to receive the same from them; that they have ten days from the decree within which to pay the amount due upon the note and mortgage, interest, and costs of this case to the plaintiff herein; otherwise, that the mortgage premises be sold according to law, and proceeds applied upon the judgment and execution in favor of plaintiff against the defendant, Thomas Garrity."

The defendants severally demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and their demurrers were sustained. The plaintiff declined to amend, and judgment was then entered against her.

The demurrers were properly sustained. In this state, a mortgage is a mere security, and under it no estate in the land passes to the mortgagee, either before or after condition broken. (*Johnson* v. *Sherman,* 15 Cal. 287; S. C., 76 Am. Dec. 481; *Mack* v. *Wetzlar,* 39 Cal. 247; *Carpentier* v. *Brenham,* 40 Cal. 221.)

Debts secured by mortgage, like other debts, may be attached by garnishment, but in no other way; and their payment may be enforced under the provisions of the code relating to proceedings supplementary to execution. (Code Civ. Proc., secs. 714–721.)

As the defendant Garrity had no attachable interest in the mortgaged premises, and as it does not appear that any garnishment was served on the defendants Swift, it is clear that the complaint states no cause of action.

The judgment was, that the plaintiff take nothing by her action and for costs, and there was no error in entering a joint judgment in favor of all the defendants.

The judgment should be affirmed.

SEARLS, C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.