[No. 310.   Decided December 10, 1891.]

FRED EVERTON, *Respondent*, v. A. L. PARKER, *Appellant.*

GARNISHMENT—SUPPLEMENTARY PROCEEDINGS.

Where, in garnishment proceedings, the party garnisheed denies his indebtedness to the judgment debtor, the court has no authority to try the issue under § 386, Code 188:, but may authorize the judgment creditor to institute a suit against the garnishee, and can forbid a transfer of the property or other interest until an action can be commenced and prosecuted to judgment.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion.

*Charles E. Patterson*, for appellant.
*J. B. Metcalfe*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The respondent, Fred Everton, as plaintiff in a cause pending in the superior court in which Powell

was defendant, obtained judgment by confession against Powell for the sum of $746.87, principal sum, and $20.30 costs of suit. Afterwards the appellant was garnisheed under execution, as a supposed debtor of Powell. On the 24th day of March, 1891, Powell made affidavit that appellant was indebted to him, and thereupon Everton moved for, and obtained from the court, an order for the examination of Parker. This order was made on March 24th; Parker was ordered to answer on the 26th. On said 26th of March the examination was referred to C. F. Munday, to take the testimony and report, which examination was made on March 30th following. On the 9th of May, 1891, the court, from the testimony reported, finds, among other things, the following facts, after reciting the service of the garnishment process:

"*Fifth:* That said Parker has, in obedience to said order, appeared, and at his examination, touching said indebtedness, he has denied the·same; but in his statements explanatory of said denial he shows that the same is not made in good faith, but is sham and frivolous, and made for the purpose of hindering and delaying the plaintiff."

The sixth finding is, in substance, that Parker is indebted to Powell in the sum of $1,515.98, less about $530, for which sum Parker was held as garnishee in some other actions. The court found as conclusions of law that Parker was indebted to the defendant in a sum more than sufficient to pay the judgment; that plaintiff was entitled to an order of the court requiring Parker to forthwith pay said judgment from the funds in his hands due from him to said defendant; and that plaintiff was entitled to recover from Parker the costs of ·this proceeding. Upon which the court made the following order:

"It is ordered that the said A. L. Parker do forthwith pay to the clerk of this court the sum of $746.87 damages, and the further sum of $20.30 costs, such sums, respectively, being the amount of the judgment for damages and

costs given by this court March 23, 1891, in favor of Fred
Everton, plaintiff, and against William W. Powell, de-
fendant, together with interest on the sum of said damages
allowed by law, for payment by said clerk to said plaintiff,
and that said Parker also pay plaintiff's costs in this pro-
ceeding, taxed in the further sum of $———."

From which final order Parker appeals to this court. In
our opinion, the fifth finding of fact by the court estopped
it from making the order complained of. When the court
finds that the garnishee denies the indebtedness, it is not
for it to determine whether or not such denial was made
in good faith, or whether it was a good or bad denial, true
or false. Some of these elements are frequently involved
in denials, and sometimes all of them, but whether or not
they are involved are questions to be determined by other
tribunals; if in an action of debt, as this was claimed to be,
by a jury, after due notice given the defendant to prepare
his defense. Sec. 386 of the code provides that—

"If it appear that a person or corporation alleged to
have property of the judgment debtor, or indebted to him,
claims an interest in the property adverse to him, *or denies
the debt*, the court or judge may authorize, by an order to
that effect, the judgment creditor to institute an action
against such person or corporation for the recovery of such
interest or debt; and the court or judge may by an order
forbid a transfer or other disposition of such interest or
debt, until an action can be commenced and prosecuted to
judgment."

No authority is given here for the court to try any issue
of fact. But the respondent disclaims the idea that this
proceeding was brought under § 386, but claims that it was
brought exclusively under §§ 383, 384 and 385. This ren-
ders his case still more hopeless, for there is nothing what-
ever in those sections looking to such an authority on the
part of the court. Sec. 383 simply provides that if it is
made to appear by evidence or other proof, to the satis-

faction of the judge, that any person or corporation is indebted to a judgment debtor, etc., that said judge shall (not proceed to determine that question) require such person or corporation to appear at a specified time and place and answer concerning the same. The proof spoken of is *ex parte* proof, and is only the proof upon which the order for examination is based. Sec. 384 indicates the mode of obtaining testimony. It is true that § 384 provides that the judge or referee may order any property of the judgment debtor (with certain exemptions specified) to be applied to the satisfaction of the judgment, but this section should, of course, be construed in connection with § 386. Before the order can be made, it must appear, either that the garnishee admits the debt, or admits having property of the judgment debtor in his possession, or that one or the other of those facts has been found to exist, upon an investigation before a proper tribunal. Any other construction would give a judge an arbitrary power of disposal of other people's property, which would be so plainly unconstitutional that its discussion here would be idle. It seems plain from the statute that there is no middle ground for the court to stand on. If the party admit the debt, or admit the possession of the judgment debtor's property, the court can make the order, but if he deny the debt, the court's duty is equally plain. It can neither discharge the garnishee or authorize the judgment creditor to institute a suit against him, and by order forbid a transfer of the property, or other interest, until an action can be commenced and prosecuted to judgment, though we do not now decide in what manner the order can be enforced, where it does not appear that the garnishee has specific property of the judgment debtor in in his possession.

This is not a parallel case with *Parker v. Page,* 38 Cal. 525, relied upon by respondent. There a certain sum of

money of the judgment debtor was admitted by the garnishee to be in his possession; the garnishee himself did not claim the money, but stated that he did not know who the claimants were; that it was the proceeds of a note which he had collected for Page, with instructions to pay the proceeds *pro rata* to his creditors, and that he had forgotten whom the creditors were, with the exception of himself; that he had paid himself, and had $525 in gold coin left. In that case the court did not order the portion that the garnishee claimed applied on the debt, but only the remainder of $525 which was in his hands unclaimed. It is not necessary for this court to express itself as to the correctness of that decision, for that case is not in point here. No admission of indebtedness of any kind is made by Parker in this action; the allegation is one of debt, and this indebtedness is in express terms denied, and Parker maintains that Powell is indebted to him, and a controversy is vigorously maintained between the two parties on that question. The character of the contract entered into between the parties out of which the alleged indebtedness accrued, alleged violations of the contract and damages for violations, were all subjects of bitter controversy in that examination, many witnesses even being introduced to impeach the testimony of the garnishee. In fact, the record shows that on but two days' notice, without any complaint setting forth the cause of the action, the court attempted in a summary manner to determine the property rights of the appellant, which he had an undoubted right to have determined by a jury of his peers, with twenty days' time to prepare his defense to a complaint, which must state the cause of action against him. Surely the law will not permit the judgment creditor to appropriate the property of the garnishee to the payment of his claim on easier and less formal terms than it will the property of the judgment debtor, or deprive a citizen of any

interest which he may have as defendant in an action by reason of his position as a garnishee.

We have examined the cases cited by respondent, and find that they are either not in point, or hold adversely to his contention. In *McGurren v. Garrity*, 68 Cal. 566 (9 Pac. Rep. 839), it is held that debts secured by mortgages, like other debts, may be attached by garnishment, and that their payment may be enforced under the provisions of the code of civil procedure relating to proceedings supplemental to execution. That question is not involved in this case. *H benicht v. Lissak*, 77 Cal. 139 (19 Pac. Rep. 260), discusses contracts, breaches of contracts and measure of damages. No reference is made to garnishments or proceedings supplemental to execution. The citation is probably a mistake. *McDowell v. Bell*, 86 Cal. 615 (25 Pac. Rep. 128), held that in an action of this kind the court exceeded its authority when it subjected the property of the garnishee to the satisfaction of the judgment creditor's judgment. To the same effect is *Hartman v. Olvera*, 51 Cal. 501. We think no case can be found sustaining the action of the court, and if such a case could be found this court could not follow it. It is plain that under the statute the judge exceeded his authority.

The order appealed from is reversed.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.