# BREEDLOVE v. NORWICH UNION FIRE INS. SOC.

## L. A. No. 360; July 23, 1898.

### 54 Pac. 93.

Insurance—Interest of Insured.—The Purchaser of Mortgaged Property did not record her deed until after suit brought to foreclose the mortgage. Before expiration of time for redemption, an insurance policy was issued to her, which stated her interest in the premises as being her building, and provided that, unless her interest was not truly stated therein, it should be void, and that it was to be void if such interest was not unconditional and sole ownership. Held, that, in view of Civil Code, section 2888, which provides that a lien on property transfers no title, the policy correctly stated insured's interest, her failure to record the conveyance only affecting her title as against a purchaser at the foreclosure sale, if there should be no redemption.

APPEAL from Superior Court, Riverside County; J. S. Noyes, Judge.

Action by Mary Breedlove against the Norwich Union Fire Insurance Society. From a judgment for plaintiff and from an order denying a motion for a new trial defendant appeals. Affirmed.

John G. North for appellant; Collier & Evans for respondent.

PER CURIAM.—Action on an insurance policy. George L. Bush was the owner of the property on the tenth day of March, 1894, and on that day conveyed it to the plaintiff. At that time it was subject to a mortgage that had been made by him April 24, 1893, to one Cowgill. An action to foreclose this mortgage was commenced against the mortgagors October 3, 1894, and judgment therein was rendered December 22, 1894, and under this judgment the property was sold to Cowgill January 31, 1895. The plaintiff did not record her conveyance from Bush until October 13, 1894, and she was not made a party to the foreclosure suit. After the sale under the judgment, and before the time for the execution of the sheriff's deed, viz., July 13, 1895, the policy sued on was issued to the plaintiff, and the insured property was destroyed by fire July 23, 1895. There was no written application for the insurance. The policy contained the following clause: "This entire policy shall be void if the interest of the insured in the property be not truly stated herein. . . . . This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . ... if the interest of the insured be other than unconditional and sole ownership." The only statement in the policy relating to the character of the plaintiff's interest was as follows: "Mary Breedlove, $2,500 on her two-story frame, metal-roof building." The court found that the defendant issued this policy to the plaintiff "by and through its duly and legally authorized agents, Jarvis & Bush (composed of B. B. Bush and John T. Jarvis), of Riverside, Cal.," and that these agents had full knowledge, at the time the policy was issued and the premium paid, of the foreclosure proceedings and of the deed to plaintiff by Bush. It is admitted that Bush & Jarvis were the agents of defendant, and no question is made as to the loss, or of the

value of the property, or of the service of due notice of the fire and making proofs of loss.

The point that the findings do not support the judgment presents the principal question involved. The finding is "that on the thirteenth day of July, 1895, plaintiff was the owner of the two-story frame, metal-roof building, situate, etc., . . . . and was such owner at the time of its insurance and destruction by fire, as hereinafter mentioned." Appellant contends that the facts as found show that the plaintiff was not the unconditional and sole owner, because she held title from the mortgagor, whose mortgage was foreclosed, and only an equity of redemption remained to her, and therefore she violated her warranty when she represented herself to be the unconditional and sole owner. There is no dispute as to the title or estate in the property held by the plaintiff. She was the purchaser from the mortgagor and former owner of the property before the right of redemption had expired. No evidence of fraud appears, and the rights of the mortgagee are in no wise involved. As a purchaser from the mortgagor, she stood in his shoes, and with the same right to take out an insurance policy. A mortgage in this state only creates a lien upon the mortgaged property, and transfers no title to the property: Civ. Code, sec. 2888; McGurren v. Garrity, 68 Cal. 566, 9 Pac. 839. Bush did not cease to be the sole and unconditional owner of the property after the execution of his mortgage to Cowgill, and by his transfer to the plaintiff she became its sole and unconditional owner. Her ownership is not subject to any condition, nor did any other person own an interest in the property. While her failure to record her conveyance until after the proceedings for the foreclosure of the mortgage had been commenced would prevent her from claiming title as against the purchaser at the foreclosure sale, if there should be no redemption, it did not impair her title. She was not a party to the foreclosure proceedings, and her title to the land would not be directly affected thereby, except that, by reason of her failure to file her conveyance, she would be estopped from claiming the premises, as against the purchaser, in case a deed should be executed to him. When she became the purchaser from Bush, she had a clear right to take out a policy of insurance, and when she represented in the policy that she was the "unconditional and sole owner" it was true, notwithstanding the proceedings in foreclosure.

In this view of the matter it is unnecessary to determine whether the agents of defendant knew the facts relating to the mortgage and the foreclosure proceedings, and therefore waived any warranty of plaintiff, for there was no question of waiver necessarily involved. Her warranty was not violated. Nor is it necessary to discuss the point as to whether all the conditions of the policy were performed, for the contention that they were not is based solely upon the claim that the evidence shows her title to be conditional by reason of the mortgage. And so, also, it becomes immaterial whether the court did or did not find that she truly stated her interest in the property, as it fully appears what that interest was, and that it was the unconditional and sole ownership. The judgment and order are affirmed.