JOHNSON ET AL., RESPONDENTS, *v.* LUNDEEN ET AL., DEFENDANTS; BANK OF TWIN BRIDGES, APPELLANT.

(No. 4,470.)

(Submitted September 22, 1921. Decided October 17, 1921.)

[200 Pac. 451.]

*Execution — Proceedings   Supplemental — Garnishment — Denial of Indebtedness by Garnishee—Procedure.*

Execution—Proceedings Supplemental—Power of Court.
1.  In proceedings supplemental to execution the only powers possessed by the court are those given it by sections 6853 and 6854, Revised Codes.

Same—Denial of Indebtedness by Garnishee—Procedure.
2.  Where, in proceedings supplemental, the garnishee denies any indebtedness to the judgment debtor, the court has no authority to try the question and order payment to be applied to the satisfaction of the judgment, but must either order the judgment creditor to institute an action to determine the fact in dispute or discharge the garnishee.

*Appeal from District Court, Musselshell County; George P. Jones, Judge.*

ACTION by W. H. Johnson and another, copartners, against A. M. Lundeen and another, in which the Bank of Twin Bridges was served with execution and notice of garnishment, and from an order that it pay over money to be applied to

1.  Proceedings supplemental to execution, see note in 100 **Am. Dec.** 500.

the judgment in the action. The bank appeals. Remanded, with directions to set aside the order.

*Mr. Lyman H. Bennett, Mr. J. R. Jones* and *Mr. V. D. Dusenberry,* for Appellant, submitted a brief and one in reply to that of Respondents; *Mr. Jones* and *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

Under statutes identical to sections 6853 and 6854 of Revised Codes of Montana of 1907, the courts of the various states hold that an order to surrender property in the hands of third parties cannot be legally made except upon admission of garnishee that the property is property af the judgment debtor. (*Lewis* v. *Chamberlain,* 108 Cal. 525, 41 Pac. 413; *Hartman* v. *Olvera,* 51 Cal. 501, citing and adopting the New York rule under a similar statute in *Town* v. *Safeguard Ins. Co. of New York,* 4 Bosw. (17 N. Y. Super.) 683; *Hagerman* v. *Tong Lee,* 12 Nev. 331; *Everton* v. *Parker,* 3 Wash. St. 331, 28 Pac. 536; *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46; *McDowell* v. *Bell,* 86 Cal. 615, 25 Pac. 128; *Wallace etc. Co.* v. *McLaughlin,* 12 Utah, 411, 43 Pac. 109.) As to disputed ownership or indebtedness, see 17 Cyc. 1442, and footnotes.

*Messrs. Maris & Mercer* and *Messrs. Dillavou & Moore,* for Respondent, submitted a brief; *Mr. H. C. Moore* argued the cause orally.

Section 6853, Revised Codes, was quite recently construed in the case of *Knapp* v. *Andrus,* 56 Mont. 37, 180 Pac. 908. In that case Knapp had secured a judgment against Andrus. An execution was served on the First National Bank of Dillon, appellant, and returned wholly unsatisfied. Proceedings supplementary to execution were instituted, and on the hearing the court made an order directing the bank to pay $1,500 in satisfaction of the judgment. In its opinion, the court said: "Appellants contend that under section 6854, Revised Codes, the court below was without jurisdiction to make the

order appealed from. In the view we take of the matter, the order of the court below was justified under section 6853, and section 6854 had no application to the present proceeding.''

It is respondents' contention that section 6854 has no application. Before it can apply, the evidence given on the hearing must show that the appellant denied the debt, or claimed an interest therein. Sections 6853 and 6854, *supra,* are literally copied from the California statutes, and our legislature in adopting them as the law of this state is presumed to give them the same construction which the courts of California have given them.

The California statutes exactly similar to sections 6853, 6854, *supra,* in regard to the jurisdiction of a court on supplementary proceedings are fully, discussed in the case of *Parker* v. *Page,* 38 Cal. 522, where it is held that the denial of indebtedness must be one of substance and of fact made in good faith. The case has never been overruled, and has been cited with approval in the case in appellants' brief, to-wit: *Hartman* v. *Olvera,* 51 Cal. 501, and *Hagerman* v. *Tong Lee,* 12 Nev. 331. (See, also, *Phillips* v. *Price,* 153 Cal. 146, 149, 94 Pac. 617; *Finch* v. *Finch,* 12 Cal. App. 274, 283, 107 Pac. 594, 598, and *Ryland* v. *Arkansas City Milling Co.,* 19 Okl. 435, 442, 92 Pac. 160.) In the present case, appellant did not file any verified answer denying the indebtedness or claiming an interest therein.

MR. COMMISSIONER SPENCER delivered the opinion of the court.

On June 12, 1919, the plaintiffs caused execution to issue upon a judgment theretofore made and entered in their favor against the defendants. Service of the execution was had upon the Bank of Twin Bridges, together with notice of garnishment, seeking to levy upon moneys supposed to be in the possession of the bank, belonging to defendants. In answer to the garnishment the bank in substance denied being

indebted to defendants or having in its possession any of their property. Pursuant to the statutes governing proceedings supplementary to execution the bank was thereafter ordered to appear and answer concerning any money or property of the defendants in its possession. It did so appear and answer on July 9, 1919, and through its cashier denied that it was indebted to defendants, or either of them, or that it had in its possession any property belonging to them supplementing its denial with its reasons why it was not indebted or did not have any of their property. Notwithstanding its denial, the court at the conclusion of the evidence made its order that the bank had in its possession $3,023.97 belonging to and the property of the defendant A. M. Lundeen, and not exempt from execution, and ordered it immediately to deliver that sum to the sheriff of Musselshell county to be applied toward the satisfaction of the judgment in the above-entitled action. The bank has appealed from this order.

The decisions of this court, supplemented by those from other [1, 2] jurisdictions, are conclusive of this appeal. Whenever the provisions of our statutes are invoked in supplemental proceedings in aid of execution the court must look to the statute for whatever power it may desire to exercise. (*In re Downey,* 31 Mont. 441, 78 Pac. 772.) Sections 6853 and 6854, Revised Codes, contain those powers and contain the only powers possessed by the court in proceedings of this nature. If upon examination of the garnishee, debts owing or property is discovered indisputably belonging to the judgment debtor, and not exempt from execution, the court may order the same applied in satisfaction of the judgment (sec. 6853, Rev. Codes; *Wilson* v. *Harris,* 21 Mont. 374, 54 Pac. 46), but where the examination discloses a denial of indebtedness or a disputed ownership in property, the court is powerless to grant any relief other than that authorized by the provisions of section 6854, *supra.* In *Wilson* v. *Harris, supra,* this court has discussed the aims and purposes of

supplemental proceedings and the power of the court thereunder and in support of that discussion the following from *Everton* v. *Parker (Powell)*, 3 Wash. 331, 28 Pac. 536, commends itself to our approval, wherein the same procedure under similar statutes as ours was invoked: "When the court finds that the garnishee denies the indebtedness, it is not for it to determine whether or not such denial was made in good faith, or whether it was a good or bad denial, true or false. Some of these elements are frequently involved in denials, and sometimes all of them, but whether or not they are involved are questions to be determined by other tribunals, if in an action for debt, as this was claimed to be, by a jury, after due notice given the defendant to prepare his defense. Section 386 of the Code provides that: 'If it appear that a person or corporation alleged to have property of the judgment debtor, or indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt; and the court or judge may by an order forbid a transfer or other disposition of such interest or debt until an action can be commenced and prosecuted to judgment.' No authority is given here for the court to try any issue of fact. But the respondent disclaims the idea that this proceeding was brought under section 386, but claims that it was brought exclusively under sections 383, 384, and 385. This renders his case still more hopeless; for there is nothing whatever in those sections looking to such an authority on the part of the court. Section 383 simply provides that if it is made to appear by evidence or other proof, to the satisfaction of the judge, that any person or corporation is indebted to a judgment debtor, *etc.,* said judge shall not proceed to determine that question, but 'require such person or corporation to appear at a specified time and place, and answer concerning the same.' The truth spoken of is *ex parte* proof, and is only

proof·upon which the order for examination is based. Section 384 indicates the mode of obtaining testimony. It is true that section 385 provides that the judge or referee may order any property of the judgment debtor (with certain exemptions specified) to be applied to the satisfaction of the judgment; but this section should, of course, be construed in connection with section 386. Before the order can be made it must appear either that the garnishee admits the debt, or admits having property of the judgment debtor in his possession, or that one or the other of those facts has been found to exist upon an investigation before a proper tribunal. Any other construction would give a judge an arbitrary power of disposal of other people's property, which would be so plainly unconstitutional· that its discussion here would be idle. It seems plain from the statute that there is no middle ground for the court to stand on. If the party admit the debt, or admit the possession of the judgment debtor's property, the court can make the order; but if he deny the debt, the court's duty is equally plain. It can either discharge the garnishee, or authorize the judgment creditor to institute a suit against him, and by order forbid a transfer of the property or other interest until an action can be commenced and prosecuted to judgment, though we· do not now decide in what manner the order can be enforced, where it does not appear that the garnishee has specific property of the judgment debtor in his possession." (*Everton* v. *Parker* (*Powell*), 3 Wash. 331, 28 Pac. 536.) To the same effect, see *Thompson etc. Mfg. Co.* v. *Guenthner et al.*, 5 S. D. 504, 59 N. W. 727; *Simpson etc.* v. *Marshall*, 5 S. D. 528, 59 N. W. 729.

*Parker* v. *Page*, 28 Cal. 522, relied upon by the respondents, does not find support in the great weight of authority, nor have the more recent decisions of the California court approved, in its entirety, the rule enunciated in that case. (*Hartman* v. *Olvera*, 51 Cal. 501; *Lewis* v. *Chamberlain*, 108 Cal. 525, 41 Pac. 413.)˙ The conclusion reached under the facts peculiar to that case undoubtedly is correct, but we

condemn it for assuming that the court has authority to determine the vital question of fact—*viz.,* the good faith of the denial of ownership or indebtedness by the garnishee, or, in other words, the question of fraud—which may be tried only in a proper tribunal in an action with proper parties, and is in direct contravention of the constitutional provision that no person shall be deprived of his property without due process of law. (*Everton* v. *Parker (Powell), supra.*)

The garnishee herein denied any indebtedness to the defendants, and denied having in its possession any property belonging to them, and hence it was idle for the court to pursue its inquiry further, for it thereupon became powerless to determine the *bona fides* of such denial, and could only invoke the provisions of section 6854, Revised Codes, by ordering that an action be instituted to determine the fact in dispute, or discharge the garnishee.

We think the court clearly exceeded its jurisdiction, and that the order complained of is null and void, and hence we recommend that the case be remanded to the district court of Musselshell county, with directions to vacate and set aside the order.

PER CURIAM: For the reasons given in the foregoing opinion, the cause is remanded to the district court of Musselshell county, with directions to vacate and set aside the order.

*Remanded.*