128

W. J. HOOPES, M. D.; K. J. WRIGHT, M. D.; J. B. SPAULD-
ING, M. D.; EMERSON K. McVEY, M. D., MEMBERS OF THE
HELENA MEDICAL CLINIC, AN ASSOCIATION, RELATORS *v.* THE
DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF LEWIS
AND CLARK, AND THE HONORABLE VICTOR H. FALL,
PRESIDING JUDGE THEREOF, RESPONDENTS.

No. 10488.
Submitted September 24, 1962. Decided November 8, 1962.
375-P.2d 691.

Floyd O. Small (argued orally), Helena, Robert T. Cummins, Helena, for relators.

Patrick F. Hooks (argued orally), Conrad Fredricks (argued orally), Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding. Relators sought a writ of prohibition or other appropriate writ under circumstances hereinafter described. On August 13, 1962, we issued an order to show cause why a peremptory writ of prohibition, or writ of review should not be issued from this court, revoking and anulling the proceedings in which the hereinafter described judgment was rendered against the relators in this action.

This proceeding arises from these facts. Relators are four doctors doing business as the Helena Medical Clinic, the Clinic being an association formed December 1, 1960. On April 20, 1961, a complaint was filed in the district court of Lewis and Clark County against Dr. McVey, one of the relators, on an Illinois judgment for alimony and support payments in that state. On November 13, 1961, a judgment was entered against Dr. McVey in the amount of $2,150 plus interest. Since the judgment was entered, writs of execution were levied each month, on the Helena Medical Clinic, resulting in collection of $1,193 toward the satisfaction of the judgment.

On July 11, 1962, the plaintiff in the civil action, the judgment creditor, filed an affidavit by her counsel, seeking a supplemental hearing under the provisions of R.C.M.1947, §§ 93-5901 to 93-5913, inclusive, such statutory provisions providing generally for proceedings supplementary to execution. The affidavit, appearing as Exhibit A, is captioned McVey v. McVey. It recites the obtaining of the judgment in Montana, the issuance of a writ of execution. It then recites the efforts to execute on the judgment, including a hearing held on January 11, 1962, in a proceeding supplementary to execution.

Then it recites that on May 31, 1962, a deputy sheriff served a copy of a writ of execution and notice of levy of execution on one Gene Brown, manager and bookkeeper of the Helena Medical Clinic; that on May 31 Mr. Brown made a return, showing that Dr. McVey was paid by check on May 31, the check being dated May 28; and that on June 29 Mr. Brown in response to another writ of execution made a return showing that no salary or other compensation was owing to Dr. McVey.

The affidavit went further to recite that the only known assets of Dr. McVey with which to satisfy the judgment are monies periodically due to him from the Helena Medical Clinic. Then it recited that, "if the said Gene Brown, business manager of the Helena Medical Clinic, makes disbursements to the defendant of monies due to him * * * prior to the date on which monies are due and owing to the said defendant, this will seriously interfere with the plaintiff's right to execution * * *."

The affidavit then went on to recite the necessity of having Mr. Brown and Dr. McVey, and "such other persons as may have knowledge of financial transactions between the Helena Medical Clinic and the defendant," appear and answer questions about the financial transactions involved.

The district court on July 12 ordered Gene Brown and Dr. McVey to appear with the records on July 18.

We note here that at no place in the proceedings were relators Hoopes, Wright, and Spaulding mentioned or served with process.

At the hearing, counsel for Dr. McVey objected to the proceedings upon the grounds that the afore-described affidavit failed to state facts warranting such hearing. The objections were overruled and Mr. Brown and Dr. McVey were questioned. During the testimony it was brought out that subsequent to a previous hearing on January 11, 1962, Dr. McVey adopted a practice of making frequent withdrawals from the

Clinic of money, sometimes in advance of any being due. It was also shown, and found by the trial court, that the Clinic issued and delivered a check to Dr. McVey for $625 on May 31, 1962, said check being postdated to May 28, 1962. It was on May 31 that the writ of execution was served on Mr. Brown, the business manager. Then, subsequent to the order directing the appearance of Mr. Brown and Dr. McVey to appear on July 18 to answer questions in proceedings supplementary to execution, another check in the amount of $400 was issued to Dr. McVey, this being on July 16.

Based upon the foregoing showing, and other evidence, the trial court found that Dr. McVey, "wilfully and purposely engaged in a course of conduct designed to totally defeat and thwart the payment of said judgments and the process of this court." The court further found that Dr. McVey had a continuous and accruing interest in the Clinic and the earnings of the Clinic, including accounts receivable.

The trial court on July 18 rendered its judgment, which is the subject of this special proceeding. That judgment, "ORDERED AND ADJUDGED that the plaintiff have and recover from W. J. Hoopes, M. D., K. J. Wright, M. D., J. B. Spaulding, M. D., and E. J. McVey, M. D., co-partners, doing business under the name and style of the Helena Medical Clinic, a co-partnership, the sum of $956.69."

In other words, a judgment against McVey, became a judgment against his three associates, even though they were not served with process, not present, were not parties, and were not represented. It should be borne in mind that on the proceedings supplemental to execution, the three named doctors were not brought in, even as witnesses.

We make the foregoing comments on the record in spite of the respondent court's assertions in its brief on the return that (a) the three relators, Hoopes, Wright and Spaulding were "adequately represented therein by Gene Brown, their agent and servant"; (b) that the same three relators had no-

tice of the proceedings in that "there can be little doubt that Emerson K. McVey discussed the pending hearing with his associates at the Helena Medical Clinic, and there can be even less doubt that Gene Brown, * * * discussed the matter quite thoroughly with his employers"; and (c) that the three named relators were in fact represented by counsel at the hearing. These matters do not appear in the record; and, in fact, appear to the contrary or are sheer speculation.

R.C.M.1947, §§ 93-5901 to 93-5913, inclusive, provide for proceedings supplemental to execution.

Section 93-5906 reads:

"The judge or referee may order any property of a judgment debtor, not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment."

Section 93-5907 reads:

"If it appear that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt; and the court or judge may, by order, forbid a transfer or other disposition of such interest or debt, until an action can be commenced and prosecuted to judgment. Such order may be modified or vacated by the judge granting the same, or the court in which the action is brought, at any time, upon such terms as may be just."

In Johnson v. Lundeen et al., 61 Mont. 145, 148, 200 P. 451, 452, this court in considering proceedings supplemental to execution said:

"* * * Whenever the provisions of our statutes are invoked in supplemental proceedings in aid of execution the court must look to the statute for whatever power it may desire to exercise. In re Downey, 31 Mont. 441, 78 Pac. 772. Sec-

tions 6853 and 6854, Rev. Codes, [1907, now R.C.M.1947, §§ 93-5906 and 93-5907] contain those powers and contain the only powers possessed by the court in proceedings of this nature. If upon examination of the garnishee, debts owing or property is discovered indisputably belonging to the judgment debtor, and not exempt from execution, the court may order the same applied in satisfaction of the judgment (sec. 6853, R.C.; Wilson v. Harris, 21 Mont. 374, 54 Pac. 46), but where the examination discloses a denial of indebtedness or a disputed ownership in property, the court is powerless to grant any relief other than that authorized by the provisions of section 6854, R.C., supra. In Wilson v. Harris, supra, this court has discussed the aims and purposes of supplemental proceedings and the power of the court thereunder and in support of that discussion the following from Everton v. Parker [Powell], 3 Wash. 331, 28 Pac. 536, commends itself to our approval, wherein the same procedure under similar statutes as ours was invoked: 'When the court finds that the garnishee denies the indebtedness, it is not for it to determine whether or not such denial was made in good faith, or whether it was a good or bad denial, true or false. Some of these elements are frequently involved in denials, and sometimes all of them, but whether or not they are involved are questions to be determined by other tribunals, if in an action for debt, as this was claimed to be, by a jury, after due notice given the defendant to prepare his defense. Section 386 of the Code provides that: "If it appear that a person or corporation alleged to have property of the judgment debtor, or indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt; and the court or judge may by an order forbid a transfer or other disposition of such interest or debt until an action can be commenced and prosecuted to judgment." * * * Before

the order can be made it must appear either that the garnishee admits the debt, or admits having property of the judgment debtor in his possession, or that one or the other of those facts has been found to exist upon an investigation before a proper tribunal. Any other construction would give a judge an arbitrary power of disposal of other people's property, which would be so plainly unconstitutional that its discussion here would be idle. It seems plain from the statute that there is no middle ground for the court to stand on. If the party admit the debt, or admit the possession of the judgment debtor's property, the court can make the order; but if he deny the debt, the court's duty is equally plain.' '' (Emphasis supplied.)

The Johnson case, supra, was decided in 1921. Respondent cites us to Knapp v. Andrus, 56 Mont. 37, 180 P. 908, decided in 1919. The Knapp case was referred to in the briefs in the Johnson case, but not discussed in the course of the opinion. In the Knapp case a deed was deposited with a bank. Escrow payments were made to the bank, the last one in the amount of $1,500 being in the bank's possession. In proceedings supplemental to execution, the bank disclaimed any interest in the funds, except to pay it to the proper party. The judgment debtor had assigned his rights to a third party. In that case, at page 42 of 56 Mont., at page 910 of 180 P. the court disposed of the matter by saying:

"Appellants contend that under section 6854, Revised Codes, [1907, now section 93-5907] the court below was without jurisdiction to make the order appealed from. In the view we take of the matter, the order of the court below was justified under section 6853, and section 6854 has no application to the present proceeding."

Respondent argues that this language is applicable here and that sections 93-5906 and 93-5907 provide alternative remedies. The later Johnson case shows this not to be the case under circumstances such as our instant case. In the Knapp

case, the bank was made a party in the supplemental proceeding, was served with process, and had all its rights of due process, contrary to what the three relators have here. The Knapp case is not authority in support of respondent. Under the Johnson v. Lundeen ruling, the trial court, respondent here, was without authority to make the judgment hereinbefore set out. Its authority is defined and limited by the statutes.

We have not discussed herein the sufficiency of the affidavit previously referred to. We shall not pass upon its sufficiency, but have assumed for the purpose of this opinion that it was sufficient for the purpose of inquiring into the business affairs of the Clinic.

Now, we shall turn briefly to the motion to quash our alternative writ previously issued. Most of the respondent court's brief is directed to this motion. The motion is made on the ground that the remedy at law is adequate in that an appeal is available. What we have said heretofore in discussing the merits of the case reveals that the three relators who were never made parties, served, appeared or were represented could hardly appeal without considerable expense, delay and being faced with questions and problems as to all stages of the case, even as to whether they had a right of appeal. Also, it is urged that application should have been made to the district court for relief. Without quoting the remarks of the trial judge, we observe that this would have been an idle act. We do not think this matter needs further discussion.

From what has been said heretofore, the motion to quash our order to show cause hereinbefore made is denied, and a peremptory writ of prohibition prohibiting any further proceedings or acts based upon the so-called judgment of July 18, 1962, shall issue.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and JOHN C. HARRISON concur.