## IN RE DOWNEY.

(No. 2,081.)

|31
:35

441|
324|

(Submitted September 26, 1904.  Decided December 10, 1904.)

*Supplementary Proceedings—Subjection of Chose in Action—Order — Directing Debtor to Make Payment — Validity of Order—Habeas Corpus—Office of Remedy—Jurisdiction.*

1. In supplementary proceedings ·it appeared that defendant was the owner of an order on a certain society, which she had forwarded to it for payment; and it was ordered that, on receipt of the amount of the order, defendant pay to the clerk of the court therefrom a sum sufficient to satisfy the judgment. *Held,* that the order was unauthorized, and the court should have appointed a receiver to collect the order and apply it to the judgment.
2. Where in supplementary proceedings the court erroneously ordered that defendant satisfy plaintiff's judgment out of the proceeds of an order on a certain society payable to defendant, instead of appointing a receiver to collect the order and make the application, and defendant was committed for contempt for failing to comply with the order, the court having had jurisdiction of the supplementary proceedings and of the person of defendant, defendant could not obtain release from custody on *habeas corpus,* irrespective of any question as to the appealability of the order.

Habeas corpus proceedings, and *certiorari* in aid thereof, by the state, on relation of Catherine Downey, to secure her release from custody under a commitment by the Second Judicial District Court for a contempt in failing to comply with an order made in supplementary proceedings brought by David Trotter. Complainant remanded.

*Mr. C. P. Connolly,* for Complainant.

The district court had no authority to make the order which he did committing petitioner to jail for contempt, and such order was null and void, and the writ of *habeas corpus* is properly invoked.  (Code of Civil Procedure, Secs. 1263, 1266; *In re Burrows,* 7 Pac. 148; *Winters* v. *McCarthy,* 2 Abb. (N. C.) 357; *Williams* v. *Dwinelle,* 51 Cal. 446; *Adams* v. *Haskell & Woods,* 6 Cal. 317; *Buchanan* v. *Hunt,* 98 N. Y. 560; *Hathaway* v. *Brady,* 26 Cal. 589; *Hagerman* v. *Tong Lee,* 12 Nevada, 335; *Lyons* v. *Marcher,* 51 Pac. 559; *Gray* v. *Cook,* 24

How. Pr. 434; *Lorton* v. *Seaman,* 9 Paige, 609; *McComb* v. *Weaver,* 11 Hun. 272; *Panton* v. *Zebley,* 19 How. Pr. 394; *Ex parte Cohen,* 55 Cal. 194; *Ex parte Cottrell,* 59 Cal. 421; 21 Ency. Pl. and Pr. under "Contempt," page 171; *Batcheler* v. *Moore,* 42 Cal. 415; *McDowell* v. *Bell,* 86 Cal. 615; *Spaulding* v. *Ry. & Nav. Co.,* 59 Pac. 426; *Wells* v. *Torrance,* 51 Pac. 626; *West Side Bank* v. *Pugsley,* 47 N. Y. 370; *Rodman* v. *Henry,* 17 N. Y. 484; *Caton* v. *Southwell,* 13 Barb. 335; *State* v. *Johnson,* 21 Mont. 155; *Brown* v. *Moore,* 61 Cal. 432; *Bowery Bank* v. *Widmeyer,* 9 N. Y. Supp. 629; *Sanford* v. *Mosher,* 13 How. Pr. 137; *Smith* v. *Weeks,* 60 Wis. 105; *Riddle* v. *Bullard,* Supplementary Proc. pp. 111-113; *Manken* v. *Pape,* 65 How. Pr. 453; *Sackett* v. *Newton,* 10 How. Pr. 561; *Owen* v. *Dupignace,* 17 How. Pr. 513; *Mosher* v. *People,* 5 Barb. 575; *Broadhead* v. *McConnell,* 3 Barb. 188.)

*Mrs. Ella Knowles Haskell,* for Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Original application for a writ of *habeas corpus,* and *certiorari* in aid thereof.

From the returns made to the writs it appears that on April 19, 1904, one David Trotter recovered a judgment in a justice's court in Silver Bow county against the complainant, Catherine Downey, for the sum of $234.88 and costs; that thereafter on the same day an abstract of the judgment was filed in the office of the clerk of the district court of the county, and the judgment docketed; that an execution was issued by the clerk and placed in the hands of the sheriff for service; that the execution was returned wholly unsatisfied; that immediately thereafter the plaintiff began proceedings supplemental to this execution by filing in the district court his affidavit setting forth that the said Downey, the defendant named in the execution, possessed property which she unjustly refused to apply toward the satisfaction of the judgment, to-wit, "an order for $2,000, or the

cash already paid thereon, said order being upon J. C. Carroll, supreme treasurer of the C. K. of A., and being drawn by Dr. F. Gauder, supreme president, and Gerald Reiter, supreme secretary"; that the court thereupon issued its order requiring the defendant to appear at 2 o'clock in the afternoon and answer concerning her property; that she did appear and was examined; that from this examination it appeared that the defendant was the owner of an "order" upon the Catholic Knights of America, purporting to be immediately payable in St. Louis, Missouri, which she had then forwarded to the proper officer of the society at St. Louis for payment; and that on April 22d the court entered the following order: "The matter of supplementary proceedings to execution coming on regularly to be heard this 22d day of April, A. D. 1904, and after the hearing of the testimony of the plaintiff and the defendant, the same having been fully considered by the court, and it appearing therefrom that the defendant is about to receive and has received property which she unjustly refuses to apply to the satisfaction of the judgment in the above-entitled action: Now, therefore, it is ordered that upon receipt of $2,000 to be paid on an order forwarded by the defendant to J. C. Carroll, supreme treasurer of the C. K. of A., she, the defendant, C. Downey, do pay, and she is hereby ordered to pay, into the hands of the clerk of this court, out of said sum, the sum of $247, to satisfy said judgment in full."

The complainant was present in court when the order was made. It further appears that, this order not having been obeyed, the court, upon application of the said Trotter, and after an examination of the complainant, adjudged her guilty of contempt, and committed her to jail until she should render obedience to the order by making the payment as directed, and that the complainant is detained in custody under a commitment issued in pursuance of this order. These proceedings were thereupon instituted to secure the release of the complainant upon the ground that the order was made without jurisdiction.

The contention is made by the complainant that the order entered on April 22d, requiring her to pay the amount of the

judgment to the clerk out of moneys to be collected upon the order, is void, because in excess of jurisdiction, in this: that the order for $2,000 was the only asset in her hands or within her control touching which the court could have made any order; that the amount due thereon had not been collected, and was not under her control; and that, as the payer named in the order was not before the court, the only authority the court had in the premises, under the statute, was to direct the complainant to assign her right therein to Trotter to the amount of his judgment, or to appoint a receiver to collect the order and to pay the judgment out of its proceeds.

It is argued by the defendants that this order is appealable, and that, such being the case, any error committed by the court was merely an irregularity or error within jurisdiction, and cannot be reviewed in this proceeding.

That the order directing payment to the clerk out of the moneys to be collected by the complainant was erroneous is apparent when we look to the statute authorizing the proceeding in aid of execution. The proceeding was instituted under Section 1260 of the Code of Civil Procedure. This and the following section specify the circumstances under which the judgment debtor may be required to answer. Under the former this may be done after an execution has been returned unsatisfied. The latter section (1261) is more stringent in its provisions. Under it the examination may be had before the return of the execution, and under some circumstances the debtor may be arrested. Section 1262 permits a person owing the judgment debtor to make payment to the sheriff and receive a discharge from him. Section 1263 provides a procedure to reach property in the hands of third persons, or debts due from them. Section 1264 authorizes the calling of witnesses in order to determine issues of fact arising during any of the proceedings. The order which may be made as to the disposition of property found to belong to the defendant is authorized by Section 1265. The remaining sections of the chapter provide for cases wherein the rights of third parties are put in issue, and for subjecting to the payment

of the judgment, through the agency of a receiver, assets which are not capable of manual delivery, or which may not be subject to sale by the sheriff under the execution. For we apprehend that if the property discovered is not exempt from execution, and of such a nature that it may be sold under the execution, and there are no claims of interest in it by third persons which should be determined by an appropriate action, it should be applied to the satisfaction of the judgment under the execution. The general purpose of the chapter is to provide a substitute for a creditors' bill—a cheaper and easier method of reaching assets of the debtor which cannot be reached by the execution unaided. This is the view expressed by the Supreme Court of California in the early case of *Adams* v. *Hackett*, 7 Cal. 187; and, where the statute is followed, every species of property which is not exempt from execution may be made available to satisfy the judgment creditor's claim, whether in the form of mere choses in action or property capable of manual delivery. A substantial compliance with the statute is required. It cannot be invoked except for the purpose of enabling the judgment creditor to reach property which cannot be reached by the execution unaided. For if the property sought to be reached is in open view and tangible, the statute does not avail. The court must look to it for authority, and should make no order nor adopt a course of procedure not authorized by it. It may order the delivery to the sheriff of the property found in the hands of the debtor or of a third party where the title is not in issue, or it may authorize suit by the creditor to recover a debt due the defendant, or, in case either of these courses will not be effective, it may appoint a receiver to take charge of the property, and pursue such a course with reference to it that the creditor may receive satisfaction of the claim. There is no authority to require the debtor to collect his choses in action and apply them to the debt. Under the facts of this case, the court should have appointed a receiver to collect the claim of the debtor and apply it, or so much of it as was necessary. The order does not require the complainant to deliver up any property. It merely

requires her to pay the debt upon receipt of the money alleged to be due upon the order.

But though all this be true, is the order therefore void, so as to be open to collateral attack in this proceeding? We think not. No question is made but that the court had jurisdiction of the supplementary proceeding and of the person of the complainant. It had power to decide all questions arising upon the hearing, and also to make afterwards an order determining the rights of the parties.

The correctness of the conclusion reached depended upon a correct construction of the statute. If, in applying to it the rules of construction, and endeavoring to ascertain the proper course to pursue, the court fell in error, this was error only in the exercise of jurisdiction, which may not be reviewed and corrected by *habeas corpus*. It is well settled that this writ may not be used as a writ of error. (*In re Boyle,* 26 Mont. 365, 68 Pac. 409, 471; 15 Am. and Eng. Ency. Law, 172.) Under it the only inquiry permissible is whether the court had jurisdiction of the subject-matter and of the parties, and, though during the course of the particular proceeding even gross errors may have intervened, still these do not render the ultimate determination void; nor is the complainant in this case entitled to have her release on the ground that the court directed the application of the property by a mode which the statute does not expressly authorize. Under a proper construction of the statute, the chose in action could be applied to the satisfaction of the judgment. The court could have appointed a receiver, and directed him to collect and apply the proceeds so far as necessary. Instead of doing this, it practically made the complainant a receiver for that purpose. If she was not content to abide the determination of the proceeding, it was her right to have the error corrected by appeal or suitable method of review, and not to disobey the order. The principle of the case of *State ex rel. Coad* v. *Judge of Ninth Judicial District Court,* 23 Mont. 171, 57 Pac. 1095, is applicable. In that case the district court had issued a writ of *mandamus* to compel the relator, who was the clerk and re-

corder of Broadwater county, to permit one Lambert to have access to the records of the county for the purpose of preparing an index of them under a contract made by him with the board of county commissioners. The board had no authority, under the law applicable, to make the contract in the manner in which it was made. The district court issued the writ, holding that the contract was valid, whereas it was void. The relator was punished for disobeying the writ. Upon *certiorari* this court held that the decision of that court that the contract was valid, though clearly erroneous, was error within jurisdiction, and that it was the relator's duty to obey the writ until it had been set aside on appeal. So, in California, under a statute identical with the one now under consideration, where the district court had directed a debtor to deliver up a paid-up insurance policy which was exempt from execution, to be applied to the satisfaction of the creditor's judgment, the supreme court refused the writ on the ground that the court had the power under the statute to decide the question of exemption, and that, even though its decision was wrong, and the order directed exempt property to be delivered up, the error did not render the order void. (*Ex parte McCullough,* 35 Cal. 97.)

The appealable or nonappealable character of the order is not determinative of the question whether the writ will issue. As we have already said, a solution of this question rests upon an answer to the inquiry whether the order or judgment complained of is void, so as to be open to collateral attack.

The result is that the complainant must be remanded, and it is so ordered.

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE MILBURN: I concur in the result, and in the order of this court.