MISSOULA TRUST & SAVINGS BANK, APPELLANT, v. NORTHWESTERN ABSTRACT & TITLE INSURANCE CO. ET AL., RESPONDENTS; FRIDAY, INTERVENER and RESPONDENT.

(No. 4,560.)

(Submitted October 26, 1921. Decided November 23, 1921.)

[203 Pac. 854.]

*Execution — Proceedings Supplementary — Affidavit — Insufficiency.*

Execution—Proceedings Supplementary—Question of Title to Property not Triable.

    1. Contested claims as to title to property sought to be subjected to execution cannot be litigated in supplementary proceedings.

Same—Affidavit—Contents.

    2. Supplementary proceedings are provided to aid the judgment creditor in reaching property of the judgment debtor which cannot otherwise be reached by the judgment; hence before they can be resorted to, the creditor must by affidavit make it appear that he has a valid and subsisting judgment against the debtor which has been unpaid, in whole or in part, and that execution issued has been returned unsatisfied in whole or in part.

Same—Affidavit—Insufficiency.

    3. An affidavit on which relief by supplementary proceedings was asked, setting forth no more than the entry of judgment and issuance of execution thereon, thus failing to disclose that the judgment was then unpaid, in whole or in part, or that it had been returned unsatisfied or could not be satisfied out of property other than that claimed by an intervener, an order refusing to permit the creditor to bring an action against the latter under section 6854, Revised Codes, was correct.

*Appeals from District Court, Missoula County; Theodore Lentz, Judge.*

ACTION by the Missoula Trust & Savings Bank against the Northwestern Abstract & Title Insurance Company; R. C. W. Friday, Intervener. From orders denying plaintiff the right to institute an action against intervener for recovery of attached property, it appeals. Affirmed.

---

    1. Supplementary proceedings, see note in 100 **Am. Dec.** 500.

*Mr. Elmer E. Hershey,* for Appellant, submitted a brief and argued the cause orally.

*Mr. R. C. W. Friday, pro se,* submitted a brief and argued the cause orally.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

This action was commenced to recover judgment against defendant upon a promissory note. In the proceeding a writ of attachment was issued and notice of attachment served upon intervener, R. C. W. Friday. In response to the demand of the sheriff, Friday made a statement to the effect that he held the abstract plant of defendant and claimed a lien thereon by reason of expert services rendered upon it. Thereafter, with permission of the court, Friday filed a complaint in intervention setting forth his claim of lien and asking for a decree of foreclosure. The complaint in intervention was served upon the attorney for plaintiff but no service was made personally upon defendant. An acknowledgment of service by William Wayne, as attorney for defendant, was filed, although no general appearance was made in the action. About six months later, no answer to the complaint in intervention having been filed by either the plaintiff or defendant, Friday caused to be entered their default and decree of foreclosure of his lien. Order of sale was made under which the sheriff sold the abstract plant to Friday. Thereupon motion was made by plaintiff to have the decree of foreclosure set aside, which was overruled. The case proceeded against defendant to judgment upon which execution was issued. By virtue of this execution the sheriff tendered to Friday the amount due for his lien as set forth in his complaint in intervention and demanded the possession of the plant upon the execution, which tender and demand were refused. Plaintiff then cited Friday into court by virtue of the statutes providing for proceedings supplementary to execution. (Rev. Codes 1907, secs. 6851–6854, incl.)

Friday made answer to the citation, claiming ownership of the abstract plant by reason of the sale hereinbefore set forth. Plaintiff then made a motion that an order be entered in the matter authorizing it to institute an action against Friday under the provisions of section 6854 of the Revised Codes, for the recovery of the attached property. Two different orders were entered denying this motion. Plaintiff has appealed from these orders.

It is not for this court to consider the merits of the regularity of the proceedings leading up to the decree of foreclosure [1] and the sale based thereon. Contested claims as to title to property which plaintiff seeks to have subjected to its execution cannot be litigated in these supplementary proceedings. (*Johnson* v. *Lundeen, ante,* p. 145, 200 Pac. 451.) The only question for us to determine is whether or not, upon the showing made, the court should have entered the order authorizing plaintiff to institute the action against Friday as prayed for.

The supplementary proceedings provided for in the statutes [2] in aid of execution take the place of the common-law remedy known as bill in aid of execution or creditor's bill and must be interpreted in the light of the objects for which the statutes were passed. It clearly was not the object of the creditor's bill to permit the plaintiff to indulge in needless embarrassment to possible debtors of the judgment debtor or to give to the plaintiff a remedy which he did not need. It was intended merely to aid the judgment creditor in reaching property of the judgment debtor which cannot be reached by the judgment unaided. Such must be the interpretation of the statutes in question, and, therefore, before one can avail himself of the privilege of compelling an alleged debtor of the judgment debtor to come into court and make a disclosure of the relations existing between him and the judgment debtor as to property rights, it must appear that plaintiff has a valid and subsisting judgment against the judgment debtor which has been unpaid in whole or in part, and that execution has been issued and returned unsatisfied in whole or in part, thereby indicating that

the same cannot be satisfied out of other property. (17 Cyc. 1407, 1409; *Barber* v. *Briscoe,* 9 Mont. 341, 23 Pac. 726; *In re Downey,* 31 Mont. 441, 78 Pac. 772.)   The affidavit in this case [3] upon which the relief prayed for is sought fails to show anything more than the entry of the judgment and the issuance of an execution thereon, and does not disclose whether or not such judgment was at the time of the making of the affidavit a valid and subsisting judgment unpaid in whole or in part, nor does it show the return of execution unsatisfied in whole or in part, nor by any other means that the judgment cannot be satisfied out of other property than the abstract plant in question.   Under these circumstances the trial court was correct in refusing to enter an order authorizing plaintiff to bring action against Friday.

The orders appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.

Rehearing denied December 24, 1921.