DAVIS, RESPONDENT, *v.* SPENCER, DEFENDANT; FIRST NATIONAL BANK OF WHITEFISH, APPELLANT.

(No. 6,575.)

(Submitted January 25, 1930. Decided February 20, 1930.)

[285 Pac. 193.]

*Mr. Rock D. Frederick,* for Appellant.

*Messrs. Walchli & Korn,* for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Plaintiff recovered judgment against the defendant C. E. Spencer for the sum of $2,000 and costs on October 18, 1928, and on the thirtieth of that month procured the issuance of an execution upon the judgment, which was placed in the hands of the sheriff, who levied upon an automobile, and garnisheed the sum of $1,000 in the possession of the First National Bank of Whitefish, Montana. In making its return to the sheriff, the bank admitted an indebtedness to C. E. Spencer or to Minnie Spencer, in the sum of $1,000. On October 31, 1928, Minnie Spencer gave notice to the sheriff, and delivered to him an affidavit, setting forth her claim to the ownership of the automobile and the money held in the bank under garnishment, and demanded that he release the same immediately. Upon the sheriff's refusal to comply with the demand, she commenced an action against him in the district court, charging him with converting the property.

The sheriff, in his answer, admitted that Mrs. Spencer had claimed ownership of the property described in her complaint

14

and had demanded the return thereof, and that he had refused to release it, alleging his holding of the same by virtue of a writ of execution issued in the case of plaintiff against C. E. Spencer. In an affirmative defense, among other allegations, the sheriff averred upon his information and belief that the disputed property at the time of the levy belonged to C. E. Spencer. After the issues were made up, the case went to trial before a jury, which found its verdict in favor of the sheriff. This was on March 13, 1929.

After judgment in his favor, the sheriff demanded that the bank pay over to him the deposit of the $1,000, which he claimed to be the property of the judgment debtor Spencer, but this demand was refused. The automobile was sold upon the execution, and after deducting the expenses of the sale, the sum of $238.25 was applied upon the judgment, which is all that has been paid thereon. Thereupon plaintiff sought relief under the provisions of the Code relating to proceedings supplementary to the execution. (Chap. 37, Part. III, Code Civ. Proc., Rev. Codes 1921.) A sufficient affidavit having been filed by plaintiff, the court issued an order to show cause requiring the bank to appear on July 22, 1929, and answer regarding the property in its possession belonging to the defendant C. E'. Spencer and as to why an order should not be made commanding it to deliver the money for application upon the judgment. At the time fixed, the vice-president of the bank, with counsel, appeared in open court. Counsel for the bank admitted the truth of all of the allegations of the affidavit, except as to the ownership of the bank deposit.

A colloquy between opposing counsel disclosed this situation: The bank admitted liability to Mrs. Minnie Spencer, denied liability to C. E. Spencer. Counsel for the bank said, "We have the money on deposit. The money, so far as we know, belongs to Minnie Spencer." Counsel for plaintiff asked if the facts could not be stipulated—"that this account which the bank has in the name of Minnie Spencer has been carried in the bank a good many years and consisted of pay-roll checks in favor of C. E. Spencer that were turned over by him to

Minnie Spencer and she deposited the money in this same account, and that both C. E. Spencer and Minnie Spencer drew on this account as they pleased and that this deposit of one thousand dollars now in the bank and involved in this controversy was money involved in this same account? Will you admit this is the same account which was litigated in the case of Minnie Spencer against sheriff Ripke?" to which counsel for the bank responded that there seemed to be a dispute over the ownership of the money. "We contend in any admission we care to make the deposit belongs to Minnie Spencer."

The judgment-roll in the action wherein Minnie E. Spencer was plaintiff and the sheriff was defendant was admitted in evidence. The court then made an order requiring the bank to pay over the money for application upon the judgment. It was agreed that the sum of money in question should bear interest at the rate of four per cent from November 8, 1928. From this order the bank has appealed.

Plaintiff's counsel have moved to dismiss the appeal, and they also object that the bill of exceptions was improperly settled. These objections we shall not stop to consider, preferring to dispose of the matter upon the merits.

Section 9457, Revised Codes 1921, provides: "After the issuing or return of an execution against property of the judgment debtor, or of any one of several debtors in the same judgment, or upon proof by affidavit or otherwise, to the satisfaction of the judge, that any person or corporation has property of such judgment debtor, or is indebted to him in an amount exceeding fifty dollars, the judge may, by an order, require such person or corporation, or any officer or member thereof, to appear at a specified time and place before him, or a referee appointed by him, and answer concerning the same."

After hearing the evidence, "the judge or referee may order any property of a judgment debtor, not exempt from execution, in the hands of such debtor or any other person, or due to the judgment debtor, to be applied toward the satisfaction of the judgment." (Id., sec. 9459.)

Section 9460 provides that, "if it appear that a person or corporation, alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment creditor to institute an action against such person or corporation for the recovery of such interest or debt. * * * "

Counsel for appellant attempts to maintain that the court's order directing the bank to pay over the money to be applied on the judgment is unwarranted under this section. But this position is not tenable. The bank did not assert that it claimed any interest in the property adverse to the judgment creditor, and it did not deny the debt. *Johnson* v. *Lundeen,* 61 Mont. 145, 200 Pac. 451, is not in point. When the bank made its return to the sheriff, it stated that it owed the money either to C. E. Spencer or to Minnie E. Spencer. At the hearing it sought to confine its admission of liability to Minnie E. Spencer. In the suit between Mrs. Spencer and the sheriff involving this very deposit the jury found for the sheriff; it determined that Mrs. Spencer did not own it. Notwithstanding, the bank still asserts that it is liable to her for the amount of the deposit. This position is not maintainable. That lawsuit was not an idle ceremony. As the trial judge remarked, the judgment in that action determined something. If the money did not belong to Minnie E. Spencer, it is clear enough that it belongs to C. E. Spencer, the judgment debtor. We must assume that the only care of the bank in the matter is that it shall be protected upon the payment of the money. It will be fully protected by paying the money over to the sheriff under the court's order. It is difficult to see how more could be expected.

The legal device, called supplementary proceedings, is a searching weapon designed to reach the concealed property of one reluctant to pay his debt. Its movement is intended to be direct and swift. So far as applicable, it supersedes the ancient remedies, usually slow and cumbersome, which were employed to reach a like result. The statutory remedy is

applicable here, and it has cut through to the very heart of the controversy, as it was designed to do.

The order is affirmed. Plaintiff shall have interest at the rate of eight per cent per annum upon the amount due upon the deposit from the date of the court's order until the bank pays the same in accordance therewith, together with his costs.

ASSOCIATE JUSTICES MATTHEWS, GALEN, FORD and ANGSTMAN concur.