BRINDJONC, Appellant, *v.* BRINDJONC, Respondent.

(No. 7,228.)

(Submitted March 22, 1934. Decided April 6, 1934.)

[31 Pac. (2d) 725.]

*Mr. Harry Meyers,* for Appellant, submitted an original and a reply brief and argued the cause orally.

*Mr. John K. Claxton,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff filed her affidavit stating that on the twenty-third day of February, 1927, a decree was entered in this action ordering the defendant to pay to the plaintiff the sum of $150 per month as alimony; that thereafter, on October 23, 1932, the decree was modified by reducing the monthly payments to the sum of $100 per month; that this judgment was then in full force and effect, had never been satisfied, and that there was due and unpaid on the judgment the sum of

$1,400; that execution was issued on the judgment on May 16, 1933, directed to the sheriff of Silver Bow county, which was still in his hands; that the defendant had refused to pay the judgment; and that the defendant, as a result of the settlement of a claim for injuries against one Dr. H. D. Kistler, had "money * * * which can be applied toward the satisfaction of said judgment."

It was further stated in the affidavit that it was made "for the purpose of having an order issued in the above entitled matter to the defendant, requiring the defendant to appear to answer concerning what property he has to be applied towards the satisfaction of said judgment and why he should not be punished for contempt."

Subsequent to the filing of this affidavit, an order was issued by the district court, directing the defendant to appear on the tenth day of June, 1933, and answer concerning his property, and show cause why he should not be punished for contempt. Thereafter, on June 14, 1933, counsel for the plaintiff filed an affidavit in this action setting forth the recovery and modification of the same judgment; that there was $1,200 due the plaintiff from the defendant thereon; that the judgment was still in force and effect, and requesting the issuance of an order to show cause why the defendant should not be punished for contempt. Such an order was issued on the same day, returnable the next day.

The defendant, through his counsel, on the twelfth day of June, 1933, served upon counsel for the plaintiff a demurrer to the affidavit and motion to quash the first order. These documents were filed on June 13, 1933. The grounds of the motion and demurrer are identical. The sufficiency of the first affidavit was challenged by the demurrer and motion in the following respects: That the affidavit did not state facts sufficient to constitute a contempt of the court or to warrant the issuance of any order to show cause in the action; that the affidavit was uncertain, in that it could not be ascertained therefrom when the defendant refused to satisfy the judgment, what money the defendant had as a result of the settlement of

the claim against Dr. Kistler, when the sum of $1,400 became due, what payments had been made thereon; that it could not be ascertained from the affidavit whether the proceeding is supplemental to execution, or in contempt, and it cannot be ascertained therefrom whether the defendant has the ability to pay the judgment.

The defendant on the 14th of June, 1933, filed an affidavit of disqualification against the Honorable T. E. Downey, a judge of the court, before whom this action was then pending, and again filed a further affidavit of disqualification against the same judge on June 15, both affidavits being based on the ground of implied bias or prejudice and in statutory form. (Chap. 93, Laws 1927.) Judge Downey disregarded the affidavits of disqualification and proceeded to hear evidence on the date specified in the last issued order to show cause.

At the outset of the hearing, counsel for the defendant challenged the sufficiency of the original affidavit for substance, and invited the court's attention to the motion to quash and demurrer on file. The court thereupon observed that a new affidavit had been filed, and remarked, "I take it the motion and demurrer are confessed by the petitioner. You have a new affidavit, and there has been no motion filed." Whereupon counsel for the defendant requested time within which to challenge the sufficiency of the last affidavit, which request the court denied.

It appeared from the testimony of the defendant that he had received from the settlement of a claim against Dr. Kistler the sum of $2,500, most of which sum he had applied to payments of various obligations, other than this judgment, but he admitted that he had deposited with a friend, one Church, the sum of $300 for safekeeping. It does not appear from the testimony that the defendant retained, at the time of his examination, any additional sum aside from the $300, although he does not in his testimony account for the entire residue of the $2,500 received in settlement of the claim.

On October 2, 1933, the judge who heard the testimony on the examination made an order wherein it is recited, among

other things, as follows: "The order to show cause for examination of the defendant in supplemental proceedings and contempt, and also the order to show cause for contempt, coming on regularly for hearing on the 15th day of June, 1933." Therein the court sustained the motion to quash the demurrer, and found there was due to the plaintiff for back alimony the sum of $1,284.55, that the defendant was guilty of contempt, and ordered him confined in the jail of Silver Bow county for a period of three days as punishment for the contempt. Plaintiff appeals from this order. She specifies as errors the action of the court in sustaining the motion to quash and the demurrer, in dismissing the proceeding, and in failing to order the defendant to apply the sum of $300 toward the payment of her judgment.

Defendant assumes the position that the court was disqualified to hear any proceedings supplementary to execution, by reason of the first affidavit of disqualification, and that in any event plaintiff, by filing the second affidavit, abandoned the first, which contained the only reference to supplemental proceedings, and by her failure to make any objections to the remarks of the court at the outset of the hearing, wherein it was intimated that by the filing of the second affidavit, the demurrer and motion to quash were confessed, and that plaintiff is bound by the theory on which the cause was tried.

It does not appear from the record when the first order to show cause was served; it does, however, appear that on the 12th of June the motion to quash and demurrer were served on counsel for the plaintiff; hence at least on that date the defendant had knowledge of the issuance of the order for examination and to show cause. The hearing was had on June 15. The first affidavit of disqualification was filed on June 13.

An affidavit of disqualification must be filed at least five days before the day appointed or fixed for the hearing or the trial of any such action, motion or proceeding, "(providing such party shall have had notice of the hearing of such action, motion, or proceeding for at least the period of five days and in case he shall not have had notice for such length

of time, he shall file such affidavit immediately upon receiving such notice)." (Chap. 93, Laws 1927.)

Manifestly, the first affidavit of disqualification was not filed five days before the day set for hearing, and, counsel for the defendant having had notice for at least one day preceding the filing of the affidavit of disqualification, the affidavit was not filed immediately upon the receipt of notice, and was filed too late to be effectual.

As to the second affidavit of disqualification, it could only apply to the contempt proceeding, which was the only relief sought by the second affidavit. Chapter 93, Laws of 1927, is not applicable to proceedings in contempt. (*State ex rel. Durand* v. *District Court,* 30 Mont. 547, 77 Pac. 318; *State ex rel. Boston & Montana etc. Co.* v. *Clancy, Judge,* 30 Mont. 193, 76 Pac. 10.)

The contention of the defendant that the proceedings were tried as one in contempt only, and not as supplemental to execution, is exploded by the order of the court, wherein it is specifically recited that the proceeding was both in contempt and supplemental to execution; and the court sustained the demurrer to the original affidavit which was filed as a foundation for proceedings supplemental to execution.

This court in the case of *Davis* v. *Spencer,* 87 Mont. 12, 285 Pac. 193, 194, said: "The legal device called supplementary proceedings is a searching weapon designed to reach the concealed property of one reluctant to pay his debt. * * * So far as applicable, it supersedes the ancient remedies, usually slow and cumbersome, which were employed to reach a like result."

Section 9455, Revised Codes of 1921, provides in part: "After the issuing of an execution against property, and upon proof, by affidavit of a party or otherwise, to the satisfaction of a judge of the court, that any judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such judge may, by an order, require the judgment debtor to appear, at a specified time and place, before such judge, or a referee appointed by him, to

answer concerning the same; and such proceedings may thereupon be had for the application of the property of the judgment debtor toward the satisfaction of the judgment as are provided upon the return of an execution.''

One of the purposes of supplemental proceedings is the discovery of assets and the securing of their application in satisfaction of a judgment. (*Wilson* v. *Harris*, 21 Mont. 374, 54 Pac. 46.) The original affidavit contained all the essential requirements prescribed by section 9455, supra, for the issuance of an order for the examination of the defendant. It will be noted that under the provisions of section 9454 an order for examination may be secured only after the execution is returned, but that, under those of section 9455, the order may be obtained after the issuance of the execution and before its return. (*In re Downey*, 31 Mont. 441, 78 Pac. 772.) The first section is applicable to cases wherein the judgment creditor has no knowledge of the existence of any property of the defendant subject to levy under execution. The second section is applicable where the judgment creditor has knowledge of property belonging to the defendant, but which he has been unable to locate or have it levied upon under the execution. The facts disclosed in the affidavit here clearly bring this case within section 9455.

Presumably the trial court followed the decision of this court in the case of *Missoula Trust & Savings Bank* v. *Northwestern Abstract & Title Assur. Co.*, 61 Mont. 370, 203 Pac. 854, wherein it is said that, before an order for examination may issue in supplemental proceedings, execution must have been issued and returned unsatisfied in whole or in part. The statement therein contained was a correct statement of the law as applicable to proceedings brought under the provisions of section 9454, but it is clearly erroneous as to proceedings brought under section 9455, and, as applied to the latter section, the statements in that decision are hereby expressly overruled.

It is idle to urge that the affidavit is indefinite and uncertain what money was referred to therein. The very purpose of

supplemental proceedings is to discover property so that it may be applied in satisfaction of an existing valid judgment, and, if the affiant could comply with the demands in this respect embodied in the defendant's demurrer and motion to quash, there would be frequently no occasion for securing an order for examination, as the plaintiff would then be in possession of all the information which he might hope to secure as the result of the examination. To adopt the rule contended for by defendant would entirely defeat the purpose of the statute.

The trial court was in error in sustaining the demurrer and motion to quash.

We find no order in the record dismissing the proceeding. Therefore alleged error on account of such order requires no further attention.

Church, the party in whose hands the $300 in controversy was said to be located, was not a party to this proceeding, and whether he would make any contention adverse to the statement made by the defendant as to his (Church's) holding this sum of money for the defendant, we are not advised. The court could not order that the money be taken from him in proceedings supplemental to execution, to which he was not a party. (*Bowlin Liquor Co.* v. *Fauver*, 43 Mont. 472, 117 Pac. 103.) If it appears from examination that one other than the judgment debtor has in his possession money or property, the ownership of which is in dispute, then the court is powerless to grant relief by way of ordering the money applied in payment of the execution. (*Johnson* v. *Lundeen*, 61 Mont. 145, 200 Pac. 451; *Wilson* v. *Harris*, supra.)

The court at the close of the hearing had before it all the facts necessary for the exercise of its jurisdiction under section 9457, Revised Codes 1921, and should have ordered Church to appear before it, or before a referee appointed by the court to conduct such examination, and be examined concerning this money, and, if it developed on such hearing that Church made no claim to it, then the court should direct the application of the $300 on the execution. (*Davis* v. *Spencer*, supra; sec.

9459, Id.) If, however, it appeared upon such examination that Church disputed the claim of the defendant to this money, the district court then is authorized by order to forbid a transfer or other disposition of the money (sec. 9460, Id.), and empower the plaintiff by order to bring suit to recover the amount (sec. 9460, Id.), or, if deemed advisable, to appoint a receiver to collect and apply the money (sec. 9463, Id.).

The cause is remanded, with directions to overrule the demurrer and motion to quash and to proceed in accordance with the views herein expressed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and STEWART concur.

MR. JUSTICE ANGSTMAN: I concur in the result but not in everything said in the foregoing opinion. So far as it carries the implication that under all circumstances and conditions an affidavit of disqualification filed the next day after receiving notice of the hearing is not filed "immediately upon receiving such notice," within the meaning of Chapter 93, Laws of 1927, I disagree with it.