PELLETIER, APPELLANT, *v.* GLACIER COUNTY, RESPOND-ENT.

(No. 7,800.)

(Submitted June 4, 1938. Decided July 28, 1938.)

[82 Pac. (2d) 595.]

222

*Mr. Sam D. Goza,* and *Messrs. Ford & Fitzstephens,* for Appellant, submitted a brief; *Mr. Joseph D. Fitzstephens* argued the cause orally.

*Mr. Horace V. Judson,* for Respondent, submitted a brief, and argued the cause orally.

HONORABLE RALPH L. ARNOLD, District Judge, sitting in place of MR. CHIEF JUSTICE SANDS, absent on account of illness, delivered the opinion of the court.

This is an appeal from the district court of Glacier county, from a judgment in favor of the defendant. The plaintiff, a

court stenographer in the Ninth Judicial District, brought suit for fees arising out of the following facts:

In January, 1937, in a civil action then pending, entitled *Rigney* v. *Cook,* on petition of the plaintiff and after hearing, the court through Judge Hurly found the defendant guilty of contempt of court for violating a restraining order previously issued in that civil action. The defendant Cook applied to this court for a writ of certiorari directed to the district court, Judge Hurly and J. W. Stewart, as sheriff of Glacier county, commanding them to certify, or cause to be certified and returned to this court a full, true and correct transcript of all the papers, records, files and proceedings in their possession, including the proceedings and all the evidence taken on the contempt proceeding. Thereupon Judge Hurly directed the plaintiff court stenographer to prepare the transcript, including the evidence taken in the contempt proceedings, for use in making the return on the writ of certiorari. Upon the hearing on the writ the judgment finding the defendant Cook guilty of contempt was annulled. The plaintiff presented a claim to Glacier county as follows:

"To transcript for Supreme Court in case of *M. D. Rigney* v. *J. W. Cook* on writ of certiorari issued to Judge John Hurly—original and 6 copies, 630 pages at 15¢ per page, $94.50."

Judge Hurly wrote at the bottom of the claim, "I believe this charge O. K." and signed it. The county commissioners of Glacier county disallowed the claim, and on appeal to the district court, Judge Elwell found in favor of the defendant, whereupon the plaintiff appealed to this court.

It is the contention of plaintiff that by reason of section 8931, Revised Codes of 1935, he is entitled to payment of his claim by Glacier county, although he does not point out specifically wherein that section covers the particular facts in this case. It is necessary to review briefly the duties of a stenographer and his mode of compensation in arriving at a solution of the question here presented.

Section 8928, Revised Codes of 1935, designates a court stenographer as an officer of the court who holds his office during the pleasure of the judge appointing him.

Section 8929 states that ''Each stenographer must, under the direction of the judge, attend all sittings of the court, take full stenographic notes of the testimony, and of all proceedings given or had thereat, except when the judge dispenses with his services in a particular cause. * * * The stenographer must file with the clerk forthwith the original stenographic notes.''

Section 8930 states that ''all objections made, the rulings, decisions and opinions of the court, and the exceptions taken during the trial or hearing, must be written out at length or printed in type by the stenographer, and filed with the clerk.''

Section 8931, upon which plaintiff relies, provides:

(a) That the stenographer must upon request furnish the defendant in a criminal cause, or a party or his attorney in a civil cause, in which he has attended the trial or hearing, a copy, written out at length or in narrative form, from his stenographic notes of the testimony and proceedings, upon payment by the person requiring the same the sum of 5¢ per folio for the copy written out at length and 7½¢ per folio for the narrative form.

(b) If the county attorney or attorney general or judge requires such copy in a criminal case, the stenographer is entitled to his fees, which is a county charge.

(c) If the judge requires such a copy in a civil action to assist him in rendering a decision, the stenographer must furnish the same without charge.

(d) If it appears to the judge that a defendant in a criminal case is unable to pay for such copy, the same shall be furnished him and paid for by the county.

As to compensation, section 375, Code of Civil Procedure of 1895, fixed the annual salary of the court stenographer at $1,800. This section was amended as section 1, Chapter 80, Laws of 1909, raising the salary to $2,400; it was amended again as section 1, Chapter 36, Laws of 1927, raising the salary

to $3,000 per year. From the first enactment in 1895 through the subsequent amendments and in the present law, appears the same language, limiting a stenographer's salary in the following words: "Every stenographer appointed under the provisions of this chapter receives an annual salary of [naming salary] *and no other compensation except as provided in section*" 8931. It is therefore necessary only to look at the provisions of that section to determine whether or not the plaintiff's claim falls within any of the provisions thereof.

In view of the strictly prohibitory language of the legislature, limiting the stenographer's salary and fees to definite specified amounts for definite services rendered, it is incumbent upon the stenographer clearly and unequivocally to show that his claim comes within the statute allowing fees over and above his official salary. If he is unable to do this, the presumption is that his services were rendered for his official salary, as designated in section 8933.

Referring again to section 8931, it is quite apparent that this claim does not fall within the first subdivision, as in the action of *Rigney* v. *Cook,* the defendant in this action, Glacier county, was not a party. The evidence which plaintiff transcribed and which was certified to this court, was taken in the contempt proceeding growing out of the civil action entitled *Rigney* v. *Cook.*

The next subdivision relates to criminal causes, and hence the claim could not be allowed under that subdivision.

The third subdivision does not allow any charges whatever when the judge in a civil case requests the stenographer to prepare the copy.

The fourth subdivision relates to defendant in criminal cases unable to pay for the copy.

Hence under none of the subdivisions of section 8931 can we find any authority for the plaintiff's contention that he is entitled to payment from Glacier county for a copy of his stenographic notes.

It is true that a contempt proceeding is referred to as being in the nature of a criminal action; but it does not have

the usual indicia of a criminal proceeding within the purview of our Codes. Contempts are classified in 13 Corpus Juris, beginning at page 4, as direct and constructive,—a direct contempt being an open insult committed in the presence of the court; and constructive contempt being an act done not in the presence of the court but at a distance, which tends to belittle, to degrade or to obstruct, interrupt, prevent or embarrass the administration of justice. A criminal contempt is conduct that is directed against the dignity and authority of the court; a civil contempt consists in failing to do something ordered to be done by a court in a civil action for the benefit of the opposing party therein, and is therefore not an offense against the dignity of the court but against the party in whose behalf the violated order is made. Contempts prosecuted to preserve or restore the rights of private parties are civil and remedial in their nature. Therefore it is apparent that the contempt in this action, growing out of the civil action of *Rigney* v. *Cook* for the violation of a restraining order was an indirect or constructive contempt and a civil, as distinguished from a criminal, contempt, particularly since it was not prosecuted as a misdemeanor under section 10944, Revised Codes. In a prosecution of a criminal proceeding, the state or public at large is interested—no private interest being concerned. In a prosecution of a contempt proceeding, such as here, the public at large is not directly concerned, the prosecution being for the protection of a private right. The certiorari proceedings directed to the district judge, although denominated a proceeding, was merely a legal vehicle for carrying to this court the contempt proceedings originating in the civil action of *Rigney* v. *Cook*.

Section 9838, Revised Codes 1935, provides that application for writ of certiorari must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice. It is clear that the defendant Cook, who had been restrained and was charged with violating

the restraining order and on whose behalf the affidavit was made, was the party beneficially interested. It is likewise clear that the adverse party, as used in that section, was not the judge who heard the contempt case, but rather the plaintiff Rigney, whose interests were adverse to defendant Cook and who would be adversely affected by the success of Cook in a certiorari proceeding. Had the supreme court, instead of granting the writ without notice, as it did, granted an order to show cause why it should not be allowed, it is certain that the judge who made the order. in the contempt proceedings could have with propriety defaulted in the matter, and then, had not the plaintiff Rigney made answer to the writ, the result would have been the same and the writ would have been granted on a prima facie showing. Therefore, the real parties in interest were Rigney and Cook, and not the judge. The judge cannot answer or make return in the certiorari proceedings. (*State ex rel. First Trust & Sav. Bank* v. *District Court,* 50 Mont. 259, 146 Pac. 539.)

In passing, it is observed that it is the clerk's duty to prepare the transcript (sec. 9839, Rev. Codes 1935), although the court stenographer, when required, shall transcribe the stenographic notes. The claim upon which suit is brought includes matters usually prepared by the clerk, but it undoubtedly was the right and power of the presiding judge to request the court stenographer to make the entire transcript, as one of his implied duties, by reason of his official position as a court officer. The court stenographer, acting under the direction of the district judge, who has been required to certify his record to the supreme court for review, is equally obligated by virtue of his office, and the request of the district judge, to do all things necessary in preparing the record for the reviewing court, his compensation being his official salary, in the absence of a clear showing that the real parties in interest are bound to pay his fees and timely demand made on them to do so.

In view of the fact that it appears clear from the provisions above referred to in our Code that the plaintiff's claim is not

a proper one against Glacier county the judgment of the district court is affirmed.

Associate Justices Stewart, Anderson and Morris concur.

Mr. Justice Angstman, Dissenting:

In my opinion, the contempt proceeding growing out of the case of *Rigney* v. *Cook*, and which we reviewed in *State ex rel. Cook* v. *District Court*, 105 Mont. 72, 69 Pac. (2d) 746, while not strictly speaking a "criminal offense," was nevertheless a proceeding of a "criminal nature," so as to constitute a "criminal cause" within the meaning of section 8931, Revised Codes.

In *State ex rel. Flynn* v. *District Court*, 24 Mont. 33, 60 Pac. 493, this court, in speaking of a contempt prosecuted under our Code of Civil Procedure, said: "When prosecuted under the Code of Civil Procedure, a contempt of court is not to be regarded as a 'criminal offense,' to be prosecuted only by complaint, information, or indictment, as laid down by section 8 of Article III of the state Constitution, but, rather, as a special proceeding of a criminal character. In that sense it is a public offense, yet it is not one a prosecution for which is exclusively controlled by constitutional limitations circumscribing methods of prosecution of strictly criminal offenses. (*Williamson's Case*, 26 Pa. St. [9] 19 [67 Am. Dec. 374].)" In analyzing the proceeding this court in that case, contrary to the majority opinion here, said: "The proceeding in contempt is distinct from the action wherein the injunction violated was issued. Vindication of the dignity of the authority of the court is the object to be attained by the matter, and not indemnity for the plaintiff in the civil suit. Judgment cannot go in favor of the plaintiff in the civil action had, unless authority to enter such a judgment exists by law. (*In re Rhodes*, 65 N. C. 518.) There is no statute granting such authority under the Codes. Nor was there power in the court to enter a judgment for costs. Statutory power to punish for contempt by fine and imprisonment for disobedience of an injunction order is limited by the manner in which the statute says the power shall be exercised."

Contempt proceedings are so far criminal in character that the right to disqualify a judge in such proceedings does not exist. (*Brindjonc* v. *Brindjonc,* 96 Mont. 481, 31 Pac. (2d) 725; *State ex rel. Boston etc. Co.* v. *Harney,* 30 Mont. 193, 76 Pac. 10.) In the last case cited this court said: "Blackstone treats of contempts under the head of crimes and misdemeanors (4 Bl. Com. 1), punishable as an offense against public justice (Id. c. 10) and also by summary proceedings (Id. c. 20).

"In *New Orleans* v. *Steamship Co.,* 20 Wall. 387, 22 L. Ed. 354, the Supreme Court of the United States said: 'Contempt of court is a specific criminal case. The imposition of the fine was a judgment in a criminal case.'

"*In Re Buckley,* 69 Cal. 1, 10 Pac. 69, in speaking of a constructive contempt, the supreme court of California said: 'It should be remembered that the proceeding here taken is criminal or quasi criminal.' In *Ex parte Gould,* supra [99 Cal. 360, 33 Pac. 1112, 21 L. R. A. 751, 37 Am. St. Rep. 57], the same court said: 'Although the alleged misconduct of defendants occurred in the progress of a civil action, the proceeding to punish them for such misconduct is no part of the process in the civil action, but is in the nature of a criminal prosecution.' * * * So highly penal in character are these proceedings considered, that the evidence must show that the accused party is guilty beyond a reasonable doubt."

In *Ex parte Burns,* 83 Mont. 200, 271 Pac. 439, this court reviewed all previous decisions of this court and said: "Proceedings in both direct and constructive contempt are criminal in their nature (*State ex rel. Boston & M. Consol. Copper Min. Co.* v. *Judges,* 30 Mont. 193, 76 Pac. 10; *In re Mettler,* supra [50 Mont. 299, 146 Pac. 747]; *State ex rel. Rankin* v. *District Court,* supra [58 Mont. 276, 191 Pac. 772]; *State ex rel. Nett* v. *District Court,* 72 Mont. 206, 232 Pac. 204), and the order of commitment must be supported by substantial evidence. 'Contempt proceedings are *sui generis* (*State ex rel. Zosel* v. *District Court,* 56 Mont. 578, 185 Pac. 1112), but are criminal in their nature. (*State ex rel. Rankin* v. *District Court,* 58

230

Mont. 276, 191 Pac. 772.) So highly penal are they in character that the evidence must show that the accused is guilty beyond a reasonable doubt, otherwise he is entitled to be discharged (*State ex rel. Boston & Mont. C. C. & S. M. Co.* v. *Judges,* 30 Mont. 193, 76 Pac. 10). In the case last cited this court said that from an examination of the practice provided for in the Code of Civil Procedure (secs. 2170–2183 of the 1895 Codes, corresponding to sections 9908–9921, Rev. Codes 1921) for summary punishment of contempts it is apparent that contempt proceedings "have most, if not all, the characteristics of a criminal case and few, if any, of a civil action." ' (*State ex rel. Nett* v. *District Court,* supra.)"

The proceedings being criminal in their nature, I think section 8931, which contains the clause: "If the county attorney or attorney-general or judge requires such copy in a criminal cause, the stenographer is entitled to his fees therefor; but he must furnish it, and upon furnishing it, he shall receive a certificate of the sum to which he is so entitled, which is a county charge, and must be paid by the county treasurer upon the certificate like other county charges," entitles plaintiff to prevail here.

I think the judgment should be reversed with direction to enter judgment for plaintiff.